OPINION
Appellant Deandre Baskin appeals his conviction and sentence for the crime of rape in the Court of Common Pleas, Stark County. The relevant facts leading to this appeal are as follows. Appellant and Carla West met in early 1998, and thereafter developed a somewhat unsteady relationship, including on-and-off periods of living together. They apparently made plans to get married, and obtained a marriage license in March 1999. On March 17, 1999, and argument developed between them, purportedly based on rumors that appellant had been cheating with another woman. Despite arguing for a lengthy time, appellant and Carla decided to walk to a nearby acquaintance's residence in Alliance for a barbecue. After a period of time, Carla decided to go to the store with one of her friends from the party. Carla left two of her children with appellant and departed with her youngest child. When she returned to the barbecue, appellant was no longer there, so she returned home. Shortly after midnight on March 18, 1999, appellant showed up at Carla's house. He had admittedly been consuming alcoholic beverages, although Carla recalled him being quite intoxicated. The parties resumed arguing, and appellant left the house at least twice, but quickly returned each time. At this point, the versions of the night's events greatly diverge. Appellant testified that he became angry about Carla's lack of trust in him, so he ripped up the marriage license, resulting in a shoving match between the two. He claimed Carla went for a razor knife, at which point he ran out of the house. He denied having sex with Carla that night. Carla testified that appellant slapped her on the side of her head, causing great pain to her ear, and continued his assault as she tried to retreat upstairs. After dragging her to the bedroom, he forced her to remove her clothing by threatening her with a belt. Carla further recounted that appellant forced her to perform oral sex on him, at one point threatening her with a razor, and then engaged in vaginal sex with her. Afterward, Carla tried to curl up in a corner, but appellant forced her back into the bed. The next morning, appellant complied with Carla's request the leave the residence, and police were called to the scene. Appellant was indicted on the charge of rape on April 20, 1999. The matter was heard before a jury on June 23, 1999, and appellant was found guilty as charged in the indictment. On June 30, 1999, appellant was sentenced to a prison term of ten years. Appellant timely appealed and herein raises the following five Assignments of Error:
 I. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT FAILED TO IMPROPERLY INSTRUCT THE JURY PURSUANT TO CRIMINAL RULE 30, IN VIOLATION OF HIS CONSTITUTIONAL RIGHTS.
 II. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN DENYING THE MOTION FOR ACQUITTAL MADE PURSUANT TO CRIMINAL RULE 29(A), IN VIOLATION OF HIS CONSTITUTIONAL RIGHT TO A FAIR TRIAL.
 III. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT WHEN IT RETURNED A VERDICT OF GUILTY AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
 IV. THE TRIAL COURT ERRED TO THE PREJUDICE OF THE DEFENDANT/APPELLANT IN FINDING HIM TO BE A "SEXUALLY ORIENTED OFFENDER" DUE TO THE COURT'S FAILURE TO COMPLY WITH THE PROVISIONS OF O.R.C. 2950.09, THEREBY VIOLATING HIS CONSTITUTIONAL RIGHTS.
 V. THE DEFENDANT/APPELLANT WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL AT TRIAL, IN VIOLATION OF HIS SIXTH AMENDMENT CONSTITUTIONAL RIGHTS.
 I.
In his First Assignment of Error, appellant contends the trial court erred by failing to properly instruct the jury under the provisions of Crim.R. 30, citing State v. Comen (1990), 50 Ohio St.3d 206. We disagree. The trial court below gave its charge and instructions to the jury prior to closing arguments. After closing arguments, the court briefly instructed the jury on the deliberation process, such as use of the verdict forms, conduct in the jury room, avoiding the surrender of honest convictions, and general remarks on the duty to weigh evidence and decide disputed facts. T. at 237-240. Crim.R. 30 reads, in pertinent part, as follows: (A) Instructions; error; record
At the close of the evidence or at such earlier time during the trial as the court reasonably directs, any party may file written requests that the court instruct the jury on the law as set forth in the requests. Copies shall be furnished to all other parties at the time of making the requests. The court shall inform counsel of its proposed action on the requests prior to counsel's arguments to the jury and shall give the jury complete instructions after the arguments are completed. The court also may give some or all of its instructions to the jury prior to counsel's arguments. The court need not reduce its instructions to writing.
On appeal, a party may not assign as error the giving or the failure to give any instructions unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury.
It is undisputed that appellant did not enter any objections to the method of jury instructions in the case sub judice. Since appellant failed to object to the instructions as given, he has waived all but plain error. State v. Underwood (1983), 3 Ohio St.3d 12, syllabus. In order to prevail under plain error, appellant bears the burden of demonstrating that the outcome of the trial clearly would have been different but for the error. Notice of plain error must be taken with utmost caution, under exceptional circumstances and only to prevent a manifest miscarriage of justice. State v. Long (1978), 53 Ohio St.2d 91, paragraph three of the syllabus; State v. D'Ambrosio (1993),67 Ohio St.3d 185, 191. Although appellant encourages us to invoke the doctrine of plain error, we are disinclined to do so where there is no challenge to the content of the instructions per se, but rather the order or format by which they were delivered by the court. See State v. Watts (June 10, 1987), Montgomery App. No. 10274, unreported; State v. Blakely (July 21, 2000), Ottawa App. No. OT-99-056, unreported. Appellant's First Assignment of Error is overruled.
 II.
In his Second Assignment of Error, appellant argues that the trial court in denying his motion for acquittal. We disagree. Pursuant to Crim.R. 29 (A), "[t]he court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the * * * complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses. * * * ." In considering an appeal concerning the sufficiency of the evidence, our standard is as follows: * * * [T]he inquiry is, after viewing the evidence in the light most favorable to the prosecution, whether any reasonable trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, 273.
The statute in question, R.C. 2907.02(A)(2), states that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force." "Sexual conduct" is defined to include both vaginal intercourse and fellatio. R.C. 2907.01(A). Despite the divergent versions of the altercation as noted above, upon review of the record in a light most favorable to the prosecution, we find that reasonable jurors could find the elements of forcible sexual conduct beyond a reasonable doubt. Absent other eyewitnesses to the attack itself, this case markedly hinged on the credibility levels of victim and defendant. As we have often reiterated, the trier of fact, as opposed to this Court, is in a far better position to weigh the credibility of witnesses. State v. DeHass (1967),10 Ohio St.2d 230. The court did not error in denying appellant's motion to acquit. Appellant's Second Assignment of Error is overruled.
 III.
We next turn to appellant's contention that his convictions are against the manifest weight of the evidence. Our standard of review is stated as follows: The court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172, 175.
Our review of the record reveals no merit in appellant's contention that the state presented an illogical and fragmentary case "primarily secured from a woman with revenge as her motivator * * * " (Appellant's Brief at 15), leading to a manifest miscarriage of justice. Again, the implicit credibility conclusions of the jurors are not a sufficient basis for now claiming they effectively lost their way under the circumstances of this case. The jury's verdict was not against the manifest weight of the evidence. Appellant's Third Assignment of Error is overruled.
 IV.
In his Fourth Assignment of Error, appellant urges that the trial court erred in failing to comply with the classification procedures found in R.C. 2950.09. We disagree. The trial judge reconvened the case shortly after sentencing, without objection, and informed appellant that "pursuant to statute * * * you're going to be classified as a sexually oriented offender." Sentencing Transcript at 16-17. In so doing, the court adhered to R.C. 2950.04, which requires registration for defendants convicted of a sexually oriented offense, including, as here, a violation of R.C. 2907.02. See R.C. 2950.01(D) definitions. Even if appellant had entered an objection to the classification proceeding, his entire argument on appeal incorrectly relies on the R.C. 2950.09(B) provisions for sexual predator determination hearings. At no time did the trial court pursue a sexual predator classification in this matter. Thus, R.C.2950.09(B) was not triggered, and appellant's position is without merit. Appellant's Fourth Assignment of Error is overruled.
 V.
In his Fifth Assignment of Error, appellant contends that he was denied the effective assistance of counsel at trial, and thus was denied his rights under the Sixth Amendment. We disagree. Our standard of review is set forth in Strickland v. Washington (1984), 466 U.S. 668. Ohio adopted this standard in the case of State v. Bradley (1989), 42 Ohio St.3d 136. These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel. First, we must determine whether counsel's assistance was ineffective; whether counsel's performance fell below an objective standard of reasonable representation and was violative of any of his essential duties to the client. If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect. This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different. It is based upon this standard that we review this portion of appellant's Fifth Assignment of Error. In support of his argument, appellant maintains that his defense counsel should have objected to the jury instruction process, as previously cited in his First Assignment of Error. The case of Comen, supra, again sheds light on the issue before us. The Supreme Court held as follows: Crim.R. 30(A) clearly requires that "* * * the court shall instruct the jury after the arguments are completed * * *." The language in the rule is mandatory and there is good reason for the mandate. Jurors, being laypersons selected from the citizens of a particular district, are better able to grasp the importance of instructions after they have heard all the evidence.
Comen at 209. (Emphasis sic.) On July 1, 1992, Crim.R. 30(A) was amended to include the additional language "[t]he court also may give some or all of its instructions to the jury prior to counsel's arguments." However, the Staff Notes to the 1992 changes indicate that "[t]he amendment does not affect the requirement that the court give complete instructions to the jury after the arguments of counsel." Thus, we hold that trial counsel's failure to oppose the court's deviation from Comen was violative of the essential duties to his client; attorneys who choose to ignore the reasoning of Comen do so at their own peril. Despite such a conclusion, however, we would return to the Supreme Court's admonition in Comen that a defendant in such cases must demonstrate prejudice if he is to succeed on appeal: Turning our attention now to the case before us, and being mindful of our previous discussion, we find appellant presents no evidence that he was prejudiced by the trial court's refusal to repeat all instructions. Additionally, appellant presents no evidence that the absence of instructions on credibility and weighing of the evidence at the completion of counsel's arguments was prejudicial.
Id. at 210.
Likewise, we are unpersuaded by appellant's broad suggestion that trial counsel's failure to object to the court's method of proceeding on jury instructions caused prejudicial confusion to the jurors under the facts of the case sub judice. Appellant has thus failed to demonstrate ineffective assistance per Strickland, supra; i.e., we are not convinced of a reasonable probability that the outcome of the trial could have been different but for counsel's error. Appellant's Fifth Assignment of Error is overruled.
For the reasons stated in the foregoing opinion, the decision of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 ___________________________ Wise, J.
Gwin, P.J., and Reader, V. J., concur.